NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ELLIOTT | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | **OPINION** |
| v. | Civil Action No. 06-CV-2434 (DMC) |
| UNITED STATES OF AMERICA | |
| Respondent. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Petitioner, William Elliott ("Petitioner"), appearing *pro se*, for relief under 28 U.S.C. § 2255. After carefully considering Petitioner's submissions and based upon the following, it is the finding of this Court that Petitioner's application is **denied**.

**I.   BACKGROUND**

In 1999, the Federal Bureau of Investigation ("FBI") in conjunction with the Jersey City Police Department ("JCPD") began an investigation into a Jersey City group known as the "Lex Mob", which was reputed to be one of the biggest narcotics dealing groups in Hudson County, New Jersey. By the summer 1999, the Lex Mob had firm control over the drug dealing activity in the vicinity of Lexington and Bergen Avenues in Jersey City. Petitioner was a narcotics dealer with the rank of lieutenant in the Lex Mob, whom the organization entrusted to carry out violence on its behalf. During the summer of 1999, the Lex Mob directed Petitioner to kill rival narcotics dealer Woodrow Williams ("Williams"). As a result, Petitioner fired several rounds at Williams,

who escaped without being injured.

On March, 1, 2002, a federal complaint was filed against petitioner and other Lex Mob members. At the time Petitioner was in state custody on unrelated matters. On April 2, 2002, Petitioner came before this Court for an initial appearance, and was returned to state custody. On June 1, 2004, Petitioner completed his state sentence and was transferred into federal custody.

On June 2, 2003, Petitioner appeared before this Court and plead guilty to the charges against him. The charge against Petitioner was that between July 1999 and August 1999, Petitioner did knowingly and wilfully conspire and agree with others to murder Williams, contrary to N.J.S.A. 2C:11-3, for the purpose of maintaining and increasing his position in the Lex Mob, in violation of 18 U.S.C. § 1959(a)(5). Petitioner voluntarily plead guilty, without coercion or threats from his attorney or any other person. The Pre-Sentencing Report ("PSR") calculated that Petitioner had an offense level of 25, a criminal history category of VI with 22 criminal history points (and career offender status) and a guideline range of imprisonment of 110 to 137 months. Because of the maximum term of imprisonment pursuant to 18 U.S.C. § 1959(a)(5), the guideline range was reduced to 110 to 120 months.

On May 18, 2006, this Court held a sentencing hearing. Prior to the sentencing, Petitioner's attorney, Henry Klingeman ("Klingeman") filed a letter with the Court, noting that Petitioner realized that he had no legal right to credit for state time served before June 1, 2004 and that he recognized that the provisions of U.S.S.G. § 5G1.3 did not apply to him. As a result, Klingeman asked the court to reduce the sentencing as an "off-set" for extra time spent in state custody because of the federal charges. This Court, however, rejected Petitioner's argument and sentenced Petitioner to a term of imprisonment of 120 months. Petitioner did not appeal.

On May 16, 2006, Petitioner filed a motion for relief under 28 U.S.C. § 2255 and asked

that he be re-sentenced, so that he could receive credit for time served in state custody and requested that his criminal history category be re-classified from Level VI to Level IV. The guidelines analysis applied by this Court and the PSR is supported by the facts of the case and demonstrates that this Court reasonably sentenced Petitioner within the applicable Guideline range. Moreover, Petitioner's sentence was appropriate in light of the factors enumerated in 18 U.S.C. § 3553(a), including the nature of the crime, the Petitioner's role, and his lengthy criminal history. Petitioner seeks an evidentiary hearing to reduce his sentence.

## II.  DISCUSSION

The question of whether to order an evidentiary hearing is committed to the sound discretion of the district court. Gov't of Virgin Islands v. Bradshaw, 726 F.2d 115, 117 (3d Cir. 1984). cert. denied, 469 U.S. 829 (1984). Unless a petitioner's allegations raise an issue of material fact, an evidentiary hearing is not required. See U.S. v. Essig, 10 F.3d 968, 976 (3d Cir. 1994). Where the record conclusively indicates the claim for relief is without merit, the "refusal to hold a hearing will not be deemed an abuse of discretion." Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Solis v. U.S., 252 F.3d 289, 295 (3d Cir. 2001), ("a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous."). Because Petitioner here fails to raise an issue of material fact, and because Petitioner's allegations are unsubstantiated, frivolous and self-serving claims refuted by the record, an evidentiary hearing is unnecessary.

Petitioner's primary argument is that he was incorrectly sentenced and asks for an evidentiary hearing to reduce his sentence. Petitioner claims that he should have received credit for time served in state custody and that he be re-sentenced such that his prior arrests be considered related cases to the subject conviction. As the Supreme Court emphasized, a

3

defendant may not use a 28 U.S.C. § 2255 motion as a substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982). Accordingly, a defendant who seeks to raise a 28 U.S.C. § 2255 motion that he failed to raise at trial, sentencing, or on direct appeal, must show "cause" for failing to raise the claim in those proceedings and actual prejudice resulting from the claimed error. Id. at 167-168. Actual prejudice may be established only in "extremely rare circumstances." Rock v. Zimmerman, 729 F.Supp 398, 409 (M.D. Pa. 1990), aff'd 959 F.2d 1237 (3d Cir. 1992), cert. denied 505 U.S. 1222 (1992). In this case, Petitioner not only failed to show cause for failing to raise these claims earlier, he also failed to show that actual prejudice resulted.

Petitioner's criminal history was properly considered despite Petitioner's allegations to the contrary. Petitioner plead guilty to one count of 18 U.S.C. § 1959(a)(5). This guilty plea was for Petitioner's attempted murder of Williams. Petitioner claims that his prior state convictions were related cases, and that this Court should have applied U.S.S.G. § 4A1.2(a)(2) and § 5G1.3 in determining his criminal history category. Petitioner himself agreed that § 5G1.3 did not apply to his case. Prior to the sentencing, Klingeman filed a letter with the court noting that "Mr. Elliott recognizes that he has no legal right to credit for state time . . . and recognizes that the provisions of U.S.S.G. § 5G1.3 do not apply to him." As such, Klingeman asked the court to reduce the sentence as an "off-set" for extra time that Petitioner spent in state custody because of federal charges.

  A.  **United States Sentencing Guideline § 5G1.3 does not apply**

Pursuant to U.S.S.G § 5G1.3, an imposition of a sentence is subject to an undischarged term of imprisonment

    (a) if the instant offense was committed while the defendant was

4

> serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3.

In his present submission, Petitioner claims that the Court erred in not applying § 5G1.3 and not awarding credit for his time spent in custody on unrelated matters. However, Petitioner's concurrent state sentences were already served by the time of his sentencing on the subject federal case. Thus § 5G1.3, which applies to "undischarged terms of imprisonment," does not apply to this case.

**B.** **United States Sentencing Guideline § 4A1.2 does not apply**

Application note 3 to Section 4A1.2 states that:

> prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that under represents the seriousness of the defendant's criminal history and the danger that he presents to the public.

U.S.S.G. § 4A1.2 (n. 3). Further, in U.S. v. Ebbole, the Court held that enhancement of drug levels based upon the fact that the defendant was not convicted of offenses relating to additional quantities of drugs possessed during the same course of conduct is not a due process violation. (917 F.2d 1495, 1501 (7th Cir.1990)).

Petitioner states that his criminal history was incorrectly classified as Category VI as he asserts that his prior offenses were actually related to the present federal case. Petitioner,

5

however, did not contest his criminal history category prior to or at the sentencing hearing. Petitioner and his counsel received a copy of the PSR. Moreover, Klingeman told the Court that after reviewing the PSR all of the objections and comments were presented to Probation and incorporated in the final report. Accordingly, Petitioner was given reasonable notice and an opportunity to contest his criminal history category and has now waived his right to contest same. Petitioner was correctly sentenced according to the Sentencing Guidelines as having a Category VI criminal history and an adjusted offense level of 25. Petitioner did not plead guilty in state court to any offense having to do with the attempted murder of Williams, and as such he did not serve any time in state prison for the federal offense by which he is presently incarcerated. Thus, U.S.S.G. § 4A1.2 does not apply in this case and Petitioner was correctly classified as having a Category VI criminal history.

### III.  CONCLUSION

Petitioner's claims are unsubstantiated and do not merit relief. The application of the Sentencing Guidelines and the resulting sentence were based upon undisputed facts and were consistent with the law. Therefore Petitioner is **denied** a reduction of his sentence without an evidentiary hearing. For the reasons stated, it is the finding of this Court that Petitioner's Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:  April  16 , 2008
Orig.:  Clerk
cc:  All Counsel of Record
  Hon. Mark Falk, U.S.M.J.
  File